UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DARREL TREMAINE CARTER**   :   **CIVIL ACTION NO. 2:13-cv-3275**

**VERSUS**   :   **JUDGE MINALDI**

**TONY MANCUSO, ET AL**   :   **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Pending before the court is the *pro se* civil rights complaint filed *in forma pauperis* by plaintiff Darrel Tremaine Carter. At the time plaintiff filed this complaint, he was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC") and was incarcerated at Calcasieu Correctional Center (hereinafter "CCC") in Lake Charles, Louisiana.

On June 5, 2014, an order was issued denying plaintiff's motion to appoint counsel. Doc. 12. On June 16, 2014, that order which was sent to plaintiff at the address he provided was returned to the court [doc. 13] with the notation "return to sender, attempted – not known, unable to forward." The documents were mailed to plaintiff at the last address supplied.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order... ." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 82 S. Ct. 1386 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

Further, Local Rule 41.3 provides in part, "[t]he failure of a[ ]... pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." More than thirty days have passed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of Fed.R.Civ.Proc. Rule 41(b) and LR 41.3.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 19th day of November, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE